UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT O. KINCHEN, JR.                    CIVIL ACTION

VERSUS                                     NUMBER: 11-1039

ROBERT ZABBIA                              SECTION: "R"(5)

## REPORT AND RECOMMENDATION

The above-captioned matter came before the undersigned pursuant to Local Rule 72.1(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

The totality of the allegations set forth in plaintiff's complaint is as follows:

> [a]s i said on 4/13/2011 please explain to the courts as well as the local authorities while i was in the dental clinic foro the year dec 09-8/17 2010 the inappropriate actions for the services rendered at 150 south second street ponchatoula la 70454 as far as light being cut off and denied re-connection till now.
>
> AFFIRMATIVE CONCLUSIVE
>
> As mayor of ponchatoula to me Mr zabbia shows signs and i mean to exemplifiey worse case sceniro of granderisum

and should be prosecuted accordingly.

(Complt. at pp. 1-2).

Plaintiff attaches to his complaint a copy of a City of Ponchatoula Utility Service Application and two Entergy billing statements, the significance of which is unclear.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and, (3) a demand for the relief sought ..." A complaint may be dismissed sua sponte when it ... is facially frivolous and insubstantial, ... [and] is [therefore] insufficient to invoke the jurisdiction of a federal court." Dillworth v. Dallas County Community College District, 81 F.3d 616, 617 (5th Cir. 1996); Curtis v. Taylor, 625 F.2d 645, 649-50 (5th Cir.), modified on other grounds, 648 F.2d 946 (5th Cir. 1980); see also Wohlfahrt v. Memorial Medical Center, 658 F.2d 416, 417 (5th Cir. 1981). The burden of establishing jurisdiction rests with the party who attempts to invoke it. Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996).

Plaintiff's complaint contains no statement of the grounds for the court's jurisdiction nor a plain statement of the claim being asserted and the relief he seeks, the prosecution of the named

2

defendant, is a function entrusted to federal, state, and/or local officials who are charged with enforcing the applicable criminal laws.  Ali v. Shabazz, 8 F.3d 22, 1993 WL 456323 (5th Cir. 1993)(table).  It will therefore be recommended that plaintiff's complaint be dismissed without prejudice unless he amends said complaint within twenty (20) days to present a pleading that complies with Rule 8(a) and which sets forth a comprehensible cause of action.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice unless, within twenty (20) days of today's date, he amends said complaint to present a pleading that complies with Rule 8(a) and which sets forth a comprehensible cause of action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en

banc).

New Orleans, Louisiana, this __6th__ day of ___May_____,
2011.

                                     _____
                                          ALMA L. CHASEZ
                                UNITED STATES MAGISTRATE JUDGE